E. R. LOWE, Respondent, v. GEORGE W. WOODARD, Appellant.

No. 3760; October 17, 1873.

**Association Formed to Defend Lawsuit—Assessments.**—Under a contract by which an association is formed to defend a suit for land, held in separate parcels by the associates, and directors are chosen to employ counsel, procure proofs, etc., with power in these directors to levy assessments on the associates according to their holdings, the assessments to be a lien on the land, which contract by its terms is to terminate when the suit does, no assessment can be made if after conclusion of the suit and payment of the costs the directors still have money of the associates in their hands.

APPEAL from Sixth Judicial District, Yolo County.

C. P. Sprague and E. R. Bush for respondent; J. Lambert for appellant.

CROCKETT, J.—The defendant, with other settlers on the Hardy grant, formed an association for the defense of an action brought against them by persons claiming under the grant. It was agreed that the business of the association should be conducted by a board of directors, who were authorized to employ counsel to defend the action and to procure the necessary proofs. In order to raise the necessary funds

to meet the disbursements, it was agreed that the directors might levy assessments on each of the associates in proportion to the assessed value of the land claimed by each severally, and that the assessments should become liens on the land. The action is brought to recover assessments alleged to have been levied on the defendant and to enforce the lien on his land. One of the provisions of the contract was that it should terminate upon the conclusion of the present suit in the circuit court, and that any costs, expenses or contracts made thereafter shall be by a new contract and agreement between said parties. The complaint avers that the suit was pending "continuously from the year 1863 until the year 1870 inclusive"; and the two assessments sued for were levied respectively in August, 1867, and October, 1870.

Amongst other defenses the answer avers that the directors have voted themselves large sums of money for services alleged to have been performed by them in excess of the compensation allowed by the contract; that long prior to the commencement of the action the association had ceased to exist, the objects and purposes of its formation having been accomplished, and the suit being fully ended and determined; that all the debts and liabilities of the association were paid and satisfied, and that there remains in the hands of the directors a balance of the funds of the association exceeding in amount five thousand dollars, "subject to the order and control of said directors"; and that no account of the appropriation of said sum has been rendered.

The court rendered a personal judgment against the defendant on the pleadings, and the appeal is from the judgment.

We do not see how the judgment can be sustained in the face of these averments in the answer. If the objects of the association have been fully accomplished and all its debts and liabilities paid, and if there remains in the hands of the directors a surplus of more than five thousand dollars unaccounted for, it would seem to be quite clear that they are entitled to collect nothing more from the defendant. These were material averments which the defendant was entitled to support, if he could, by proofs at the trial.

Judgment reversed and cause remanded for a new trial.

We concur: Wallace, C. J.; Belcher, J.; Rhodes, J.; Niles, J.